**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE V. GARZA,

        Petitioner-Appellant,

v.

STATE OF UTAH,

        Respondent-Appellee.

No. 00-4155
(D.C. No. 00-CV-360)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Petitioner Jose V. Garza ("Petitioner") filed a Petition for a Writ of Habeas

Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254, in which he

requested relief from his sentence of 5-to-99 years on a state conviction of

aggravated sexual assault. Petitioner asserted that he was convicted on charges

contained in an Information which the court at his preliminary hearing had

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ordered amended due to a lack of probable cause, but which the prosecution failed to amend before trial.

Petitioner was charged with, and convicted of, aggravated sexual assault. The statute under which Petitioner was convicted included the following relevant language:

> (1) A person commits aggravated sexual assault if in the course of a rape or attempted rape, object rape or attempted object rape, forcible sodomy or attempted forcible sodomy, or forcible sexual abuse or attempted forcible sexual abuse the actor:
>     (a) causes bodily injury to the victim;
>      . . .
> (2) Aggravated sexual assault is a first-degree felony punishable by imprisonment for a term which is a minimum mandatory term of 5, 10, or 15 years and which may be for life.

See Utah Code Ann. §76-5-405.[1]   In Utah, a charge of aggravated sexual assault may therefore be predicated on any one of a number of underlying sexual crimes including rape or attempted rape, and forcible sexual abuse or attempted forcible sexual abuse.  See Utah Code Ann. §76-5-405(1).  It appears that in Petitioner's case, the State initially charged him with both rape or attempted rape and forcible sexual abuse or attempted forcible sexual abuse as underlying, predicate offenses for a charge of aggravated sexual assault.  At the preliminary hearing, the court determined that probable cause did not exist on the underlying offense of rape or

_____

[1]  The phrase in §76-5-405(2) imposing "a minimum mandatory term of 5, 10, or 15 years and which may be for life" was amended in 1996 to read "an indeterminate term of not less than 6, 10, or 15 years and which may be for life"

attempted rape, but that probable cause did exist on the underlying offense of forcible sexual abuse. The court ordered that the prosecution amend the Information to reflect its ruling that probable cause existed only on the underlying, predicate offense of forcible sexual abuse to support a charge of aggravated sexual assault, and bound Petitioner over for trial on the amended charge.

Petitioner asserts that the prosecution did not amend the Information as instructed and that on March 7, 1988, he was convicted of aggravated sexual assault based upon the underlying, predicate offense of rape or attempted rape rather than forcible sexual abuse. Petitioner argues that, because of the mistake regarding which underlying, predicate offense supported his conviction of aggravated sexual assault, his sentence for aggravated sexual assault was increased from 1-to-15 years (the penalty range for the second-degree felony of forcible sexual abuse, see Utah Code Ann. §76-3-203(2)) to 5-to-99 years (the penalty range for the first-degree felony of rape or attempted rape, see Utah Code Ann. §76-3-203(1)).

Petitioner filed a direct appeal of his conviction in the Supreme Court of Utah, but his conviction was affirmed by that court on December 6, 1989. Petitioner apparently later filed a motion to modify or vacate his sentence in the Third District Court of Utah, which denied the motion on November 17, 1999.

Petitioner appealed that decision to the Supreme Court of Utah, which rejected his claim because the motion to modify or vacate his sentence was not filed within 30 days of the final order in Petitioner's criminal case.

Petitioner then filed this habeas petition in federal court pursuant to 28 U.S.C. §2254 on April 25, 2000.  With Petitioner's consent, the case was assigned to United States Magistrate Judge Samuel Alba on May 5, 2000.  See Garza v. Utah, No. 2:00-CV-00360 (D. Utah May 5, 2000) (order transferring case to U.S. Magistrate).  The Magistrate Judge issued an order denying the Petition on June 26, 2000.  See Garza v. Utah, No. 2:00-CV-00360, slip op. at 1 (D. Utah June 26, 2000). The Magistrate Judge found that Petitioner had not exhausted his state remedies as required by 28 U.S.C. §2254(b)-(c), because he had not presented the issues on which he sought relief to the Supreme Court of Utah.  The Petitioner filed a Motion for Reconsideration.  In response, the Magistrate Judge issued a second order in which he acknowledged that Petitioner may have "exhausted his state remedies," but held that the petition must nevertheless "be dismissed based upon procedural default."  See Garza v. Utah, No. 2:00-CV-00360, slip op. at 1 (D. Utah Aug. 16, 2000).  The court noted that Petitioner's second appeal to the Supreme Court of Utah was dismissed for lack of jurisdiction because his motion to modify or vacate his sentence was filed more than 30 days after the entry of the final order.  See id. at 2.  The court further noted that Petitioner had not alleged

cause for his untimely presentation of the claims raised in his habeas petition because his only stated explanation, that he was "not allowed law books so [he had] to go through a contract attorney contracted by the prison," was not an "objective factor external to the defense [that] impeded his counsel or his efforts to comply with the state procedural requirements." See id. at 3 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The district court thus denied Petitioner's motion for reconsideration. See id. at 4.

Petitioner then filed an Application for a Certificate of Appealability ("COA") with this court.[2] This court may issue a COA "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(3). Petitioner has not made such a showing.

In regard to the procedural bar, attached to Petitioner's Application for COA are three pages of what appears to be his brief on direct appeal to the Supreme Court of Utah. In that brief, Petitioner's counsel identifies as one point of error the fact that the prosecution did not amend the Information as instructed by the court following Petitioner's preliminary hearing and that the prosecutor subsequently argued to the jury charges not included in the Information. It

---

[2] Because this habeas petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case. See, e.g., Rogers v. Gibson, 173 F.3d 1278 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

therefore appears that Petitioner's counsel may have adequately raised on direct appeal the issue of which Petitioner currently complains. If that is the case, then the issue may not be procedurally barred as determined by the district court.[3]

We need not conclusively decide whether Petitioner's claims are procedurally barred to resolve this case, however, because Petitioner's claims are clearly not meritorious. See 28 U.S. §2254(b)(2) (stating "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust"); see also Rogers v. Gibson, 173 F.3d 1278, 1287 n.7 (10th Cir. 1999) (noting that, regardless of habeas petitioner's failure to exhaust state court remedies, a federal court may deny habeas relief on meritless claims).

Petitioner argues that the prosecution's failure to amend the Information resulted in his being sentenced on the charge of rape or attempted rape, for which probable cause was not found at the preliminary hearing, rather than on the charge

---

[3] If the claim was not raised on direct appeal and was not otherwise presented to the state courts in a timely manner, then it is procedurally barred unless Petitioner can show cause for his failure to develop his claims in state court and actual prejudice resulting from the errors of which he complains. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 6-10 (1992). Under our obligation to construe pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-19 (1972), it appears that Petitioner may be asserting ineffective assistance of appellate counsel to show cause for any asserted procedural default. See Garza v. Utah, No. 2:00-CV-00360, slip op. at 3 (D. Utah Aug. 16, 2000) (quoting Petitioner as stating that he is "not allowed law books so [he has] to go through a contract attorney contracted by the prison"). It therefore appears that Petitioner may be alleging cause for any potential procedural default. He has not, however, either expanded upon this argument or attempted to demonstrate actual prejudice.

of forcible sexual abuse, for which probable cause was found at the preliminary hearing. We believe Petitioner may be confused about what charge formed the basis of the court's sentencing decision. At all times, the criminal offense with which Petitioner was charged was aggravated sexual assault; the offenses of forcible sexual abuse, and rape or attempted rape, were merely underlying, predicate offenses to the crime of aggravated sexual assault. Indeed, Petitioner himself conceded in his habeas petition that he was convicted not of either of those lesser charges, but of aggravated sexual assault. Accordingly, despite what Petitioner now contends, he was never eligible for the 1-to-15 year sentence that would have been imposed had he been convicted only of forcible sexual abuse, because he was neither charged nor convicted of that offense. Instead, he was always charged with, and convicted and sentenced for, aggravated sexual assault.

Under Utah law, aggravated sexual assault is a first-degree felony which, at the time of Petitioner's sentencing, carried a sentencing range of "a minimum mandatory term of 5, 10, or 15 years and which may be for life." See Utah Code Ann. §76-5-405 (1953) (amended in 1996 to read "an indeterminate term of not less than 6, 10, or 15 years and which may be for life"). Petitioner's sentence of 5-to-99 years is thus the appropriate sentencing range for the crime of aggravated sexual assault regardless of whether the aggravated sexual assault is based upon the underlying, predicate offense of rape or attempted rape, or the underlying,

predicate offense of forcible sexual abuse.  Indeed, in receiving a sentence of 5-to-99 years, Petitioner received the lowest mandatory minimum sentence allowed by statute (5 years) for a conviction of aggravated sexual assault.[4]

For the foregoing reasons, we find that Petitioner has not demonstrated that he was injured by the actions of which he complains, and thus has not made a "substantial showing of a denial of a constitutional right."  The requested certificate of appealability must be denied and this appeal is DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[4]  Utah law also provides that where "the statute under which the defendant was convicted mandates that one of three stated minimum terms shall be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime."  See Utah Code Ann. §76-3-201(6)(a).  It appears that Petitioner's crime must have involved mitigating circumstances which caused the court in this case to deviate from the "term of middle severity" (10 years) in order to give Petitioner the lowest minimum sentence possible.